## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**4U PROMOTIONS, INC.,**

      **Plaintiff,**

                               **Case No. 2:22-cv-3033**

      **v.**                           **Magistrate Judge Elizabeth P. Deavers**

**18001 HOLDINGS, LLC,**

      **Defendant.**

### OPINION AND ORDER

With the consent of the parties and by Order of Reference (ECF No. 22), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of the Motion to Dismiss for Lack of Personal Jurisdiction & Venue.  (ECF No. 18 (the "Motion to Dismiss").)  For the reasons discussed herein, the Motion to Dismiss (ECF No. 18) is **GRANTED IN PART**, and this case is **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**.

### I.

Plaintiff initiated this action on August 5, 2022, asserting claims for breach of contract, violation of the Ohio Deceptive Trade Practices Act ("ODTPA"), common law fraud, and promissory estoppel.  (ECF No. 1.)  Plaintiff generally claims that it entered into a contract with Defendant to reserve a block of rooms and a performance space at a resort in Florida to host an event (the "Event").  (*Id.*)  Plaintiff alleges that Defendant breached the contract by "refus[ing] to provide the agreed upon rooms and performance space for the Event."  (*Id.*)

On December 6, 2022, Defendant filed the subject Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), arguing that "Plaintiff's Complaint . . . utterly

fails to identify any basis for this Court to assert personal jurisdiction over Defendant." (ECF No. 18.) Defendant believes "the Complaint must be dismissed or, in the alternative, transferred to the United States District Court for the Southern District of Florida," where "the events and omissions giving rise to the claim occurred and/or were anticipated to occur." (*Id.*) On December 27, 2022, Plaintiff filed a response in opposition, generally arguing that the Court has jurisdiction because "the negotiation of rooms and performance space . . . [and] the unsolicited advertisements of [Defendant]" occurred in Ohio, and that Defendant "purposefully availed itself of the privilege of acting in Ohio by sending unsolicited email advertisements to residents in Ohio." (ECF No. 23.) To this end, Plaintiff maintains that this action "stems from Plaintiff's receipt of Defendant's unsolicited emails" at Plaintiff's office in Ohio. (*Id.*) On January 10, 2023, Defendant filed a reply brief, generally arguing that "Plaintiff fail[ed] to establish with reasonable particularity sufficient contacts between Defendant and Ohio to meet the requirements of Ohio's long-arm jurisdiction or federal due process," and again stating that venue is not appropriate in the Southern District of Ohio. (ECF No. 24.) Accordingly, the matter is fully briefed and ripe for judicial review.

## II.

Where a defendant has moved to dismiss a case under Rule 12(b)(2) for lack of personal jurisdiction, and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" showing that the court has personal jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)). The Court considers the pleadings in the light most favorable to the plaintiff and does not weigh the disputed facts, although the Court may consider the defendant's undisputed factual assertions. *Id.* (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*,

106 F.3d 147, 153 (6th Cir. 1997); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th

Cir. 1996)).  Moreover, in considering a Rule 12(b)(2) motion to dismiss prior to discovery or an

evidentiary hearing, a plaintiff's burden is "relatively slight" when establishing personal

jurisdiction based on written submissions and affidavits.  *Est. of Thomson v. Toyota Motor Corp.*

*Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d

1164, 1169 (6th Cir. 1988)).

Where, as here, a federal court's jurisdiction is premised on diversity of citizenship, the

plaintiff must satisfy state law requirements for personal jurisdiction.  *Schneider v. Hardesty*, 669

F.3d 693, 699 (6th Cir. 2012) (citing *Est. of Thomson*, 545 F.3d at 361).  Under Ohio law,

personal jurisdiction over a non-resident defendant exists only if:  (1) Ohio's long-arm statute

confers jurisdiction, and (2) the requirements of the federal due process clause of the Fourteenth

Amendment are met.  *Conn*, 667 F.3d at 712 (citing *Kauffman Racing Equip., L.L.C. v. Roberts*,

930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994)).

Ohio's long-arm statute confers personal jurisdiction over a non-resident if the nonresident's

conduct falls within one of the nine bases for jurisdiction listed under the statute.  Plaintiff raises

the following potentially relevant bases for jurisdiction:

> (A)  A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1)  Transacting any business in this state;
> >
> > * * *
> >
> > (6)  Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]

Ohio Rev. Code § 2307.382.

Additionally, federal due process requires that a non-resident defendant have sufficient "minimum contact[s]" with the forum state such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn*, 667 F.3d at 712 (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Federal due process encompasses two types of personal jurisdiction: "general jurisdiction, when the suit does not arise from [the] defendant's contacts with the forum state; and specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Id.* at 712-13 (citing *Third Nat'l Bank*, 882 F.2d at 1089). A non-resident defendant may be subject to the general jurisdiction of the forum state only where his contacts with that state are "continuous and systematic." *Id.* at 713 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984)). A finding of specific jurisdiction, relevant here, requires that three elements be satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002)).

Separately, when a party challenges venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that the current venue is proper. *Ring v. Roto-Rooter Servs. Co.*, No. 1:10-CV-179, 2010 WL 3825390, at *3 (S.D. Ohio Sept. 28, 2010) (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002); *Contech Bridge Sols., Inc. v. Keaffaber*, No. 1:11-cv-216, 2011 WL 5037210, at *11 (S.D. Ohio Oct. 24, 2011) (same). The district court has the discretion to decide the appropriate procedure for deciding a motion to dismiss for improper venue. *Ring*, 2010 WL 3825390, at *3 (citing *Centerville ALF, Inc.*, 197 F.

4

Supp. 2d at 1046).  Where a motion is decided solely on the pleadings and attached affidavits,

viewed in the light most favorable to the plaintiff, plaintiff need only present a *prima facie* case

that venue is proper.  *Id.*, 2010 WL 3825390, at *3, at *9; *Barton v. Florida*, No. 2:06-cv-78,

2006 WL 2773238, at *2 (S.D. Ohio Sept. 25, 2006) (citations omitted0).

## III.

Against this background, Defendant's arguments are well taken, because despite only

having a "slight" burden of proof to establish personal jurisdiction, Plaintiff has failed to do so.

First, for example, Plaintiff's arguments regarding Ohio's long-arm statute are misplaced.  While

Plaintiff maintains that Defendant conducted business in Ohio and caused tortious injury in Ohio,

the allegations in Plaintiff's Complaint – even when taken as true – do not support this position.

Specifically, despite Plaintiff's arguments that the parties' negotiations and Defendant's

promotional emails constituted "transacting [] business" in Ohio for purposes of Ohio Rev. Code

§ 2307.382(A)(1), the law of this Circuit holds otherwise.  As this Court previously has held,

"'[m]erely directing communications to an Ohio resident for the purpose of negotiating an

agreement' or fulfilling a contract, 'without more, is insufficient to establish that a defendant

transacts business in the state.'"  *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F.

Supp. 3d 822, 828 (S.D. Ohio 2021) (quoting *Indus. Fiberglass Specialties, Inc. v. ALSCO Indus.

Prods.*, No. 3:08-cv-0351, 2009 WL 982805, at *3-4 (S.D. Ohio Apr. 13, 2009)).  "Rather, there

must additionally be some continuing obligation that connects the nonresident defendant to the

state or some terms of the agreement that affect the state."  *Id.* (quoting *Shaker Constr. Grp.,

LLC v. Schilling*, No. 1:08-cv-278, 2008 WL 4346777, at *3 (S.D. Ohio Sept. 18, 2008).

Here, Plaintiff has not alleged any facts from which the Court could possibly conclude

that the parties' dealings were connected to Ohio or that there was any continuing obligation that

connected Defendant to Ohio.  Rather, Plaintiff merely alleges that a Tennessee entity (Plaintiff)[1]

negotiated with a Florida entity (Defendant) over a contract which was to be performed, in its

entirety, in Florida.  Thus, Plaintiff has failed to demonstrate how any of the terms of the parties'

alleged agreement affected Ohio.

As for Plaintiff's other argument regarding Ohio's long-arm statute, Plaintiff fails to

provide any substantive argument for how Defendant's actions "[c]aused tortious injury in this

state to [Plaintiff] by an act outside this state committed with the purpose of injuring [Plaintiff],

when [Defendant] might reasonably have expected that some person would be injured thereby in

this state."  Ohio Rev. Code § 2307.382(A)(6).  Instead, Plaintiff summarily states that it "has

pleaded facts supporting the business torts of Violation of the [ODTPA] (Count Two) and

Common Law Fraud (Count Three)."  (ECF No. 23 at PAGEID ## 86-87.)  But again, these

allegations rest on conduct (the receipt of an email soliciting business in Florida) which is not

sufficient to confer jurisdiction in Ohio.  Even if it did, Plaintiff has failed to allege any facts

which satisfy the intent element of Ohio's long-arm statute – that Defendant acted "with the

purpose of injuring persons, when he might reasonably have expected that some person would be

---

[1] Indeed, Plaintiff has even failed to establish Ohio citizenship, as it maintains.  Because Plaintiff is incorporated in Tennessee, the only way for Plaintiff to claim Ohio citizenship is to establish that Plaintiff has a principal place of business in Ohio.  *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("[A] corporation is a citizen of the state in which 'it has been incorporated' and of the state in which 'it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)).  But Plaintiff has failed to do so.  Plaintiff's only evidence in support is a declaration which states, in part, that the President of Plaintiff has an address in Lancaster, Ohio.  (ECF No. 23-1 at ¶ 5.)  An address, however, is not the same as a principal place of business.  *Young v. R.E. Garrison Trucking, Inc.*, No. 3:07CV030, 2009 WL 10679232, at *3 (S.D. Ohio Mar. 9, 2009) ("The notation of a mailing address does not equate to an averment of a principal place of business and a place of incorporation, as required by 28 U.S.C. § 1332(c)(1).") (citing cases).  On the other hand, Defendant has demonstrated that Plaintiff's "Principal Address" is located in Clarksville, Tennessee, according to documentation it filed with the Tennessee Secretary of State.  (ECF No. 24-2.)

injured thereby in this state."  Ohio Rev. Code § 2307.382(A)(6); *see also Stone v. Twiddy & Co. of Duck*, No. 1:10CV591, 2012 WL 3064103, at *6 (S.D. Ohio July 27, 2012) ("[E]mail and telephone communications alone do not establish jurisdiction.") (citing cases).  Accordingly, Plaintiff's arguments regarding jurisdiction under Ohio's long-arm statute fail.

This ends the judicial inquiry.  *Ewalt v. GateHouse Media Ohio Holdings II, Inc.*, No. 2:19-CV-4262, 2023 WL 2018775, at *12 (S.D. Ohio Feb. 15, 2023) ("Plaintiff fails to demonstrate that the requirements of any of the cited provisions of Ohio's long-arm statute have been met.  As such, this Court need not analyze whether the due-process standards are satisfied to conclude that Plaintiff has failed to establish a prima facie case of personal jurisdiction over [Defendants].").  But even if, *arguendo*, the Court found that Plaintiff had made a *prima facie* showing of jurisdiction under Ohio's long-arm statute, the Court still could not find that the requirements of the federal due process clause of the Fourteenth Amendment are met.

On this point, Plaintiff argues that "Defendant purposefully availed itself of the [privilege] of acting in Ohio by sending unsolicited email advertisements to residents in Ohio," and that this case "stems from Plaintiff's receipt of Defendant's unsolicited emails."  (ECF No. 23 at PAGEID # 87.)  But Plaintiff conspicuously fails to support these arguments with any legal authority, and the Court finds Plaintiff's arguments to be misplaced.  Even when construing Plaintiff's argument to be in favor of specific, rather than general, jurisdiction, the Court cannot conclude that Defendant's alleged "unsolicited emails" constituted conduct that established a strong enough connection with Ohio to subject Defendant to jurisdiction.  To the contrary, this purported "contact" between Defendant and Ohio is exactly the type of tenuous connection that courts throughout this Circuit regularly hold does not constitute a "purposeful availment" for jurisdictional purposes.  *See SpyGlass Grp., LLC v. Genesis Health Clubs Mgmt., Inc.*, No. 1:22-

CV-00131, 2022 WL 17251820, at *6 (N.D. Ohio Nov. 28, 2022) ("[A] defendant does

not purposefully avail itself of a forum State merely by entering into a contract with a company

based there or contacting the company by electronic means . . . . Under the law of this Circuit,

emails, telephone calls, and similar contacts are random, fortuitous, and attenuated and do not

constitute purposeful avail[ment].") (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir.

2000).)

In *Calphalon*, for example, the Sixth Circuit held that where purported contacts are

related to a contract which is "not focused on exploiting any market . . . in the state of Ohio," the

contacts are "precisely the type of random, fortuitous, and attenuated contacts that the purpose

availment requirement is meant to prevent from causing jurisdiction":

> [Defendant's] performance of the agreement was not focused on exploiting any
> market for cookware in the state of Ohio. Moreover, [Defendant's] phone, mail, and
> fax contact with [Plaintiff] in Ohio and [Defendant's] physical visits there occurred
> solely because [Plaintiff] chose to be headquartered in Ohio, not because
> [Defendant] sought to further its business and create "continuous and substantial"
> consequences there. *See id.* Arguably, [Defendant] would have served as
> [Plaintiff's] representative in the designated states, regardless of [Plaintiff's] base
> of operation. Thus, [Defendant's] contacts were precisely the type of "random,"
> "fortuitous," and "attenuated" contacts that the purposeful availment requirement
> is meant to prevent from causing jurisdiction.

*Id.*, 228 F.3d at 723 (internal quotation marks omitted).

Here, as in *Calphalon*, the only alleged connection between Defendant and Ohio in this

case is the fact that Defendant sent unsolicited emails which Plaintiff received in Ohio – not

because Defendant "sought to further its business and create 'continuous and substantial'

consequences" in Ohio. *Id.* And again, the agreement between Plaintiff and Defendant – the

alleged breach of which serves as the legal basis for this lawsuit – involved services to be

performed exclusively outside of Ohio. Plaintiff therefore has failed to establish that

Defendant's contacts with Plaintiff are sufficient to show that Defendant purposefully availed

itself in Ohio.  Accordingly, Plaintiff's arguments regarding potential jurisdiction under the federal due process clause of the Fourteenth Amendment also fail.

## IV.

While Defendant primarily seeks to dismiss this entire action pursuant to Rule 12, it alternatively asks that the Court transfer the action to the United States District Court for the Southern District of Florida, which Defendant notes "is the district in which the events and omissions giving rise to the claim occurred and/or were anticipated to occur."  (ECF No. 18 at PAGEID # 68.)  Plaintiff does not respond to this alternative argument, as it maintains that venue is proper in this Court.  (ECF No. 23 at PAGEID # 87.)  The Court must therefore decide whether to dismiss the action without prejudice or to transfer the case to the United States District Court for the Southern District of Florida.  In the interest of justice, the Court believes transferring this action is the better course.

As a preliminary matter, and for many of the reasons discussed herein that there is no personal jurisdiction, the Court also finds that venue is not proper in this Court.  The federal venue statute reads as follows:

A civil action may be brought in--

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff argues that venue is proper in this Court because "a substantial part of the events or omissions giving rise to all four Counts One [sic] recited in the Complaint

9

occurred in Ohio," but the Court disagrees.  (ECF No. 23 at PAGEID # 87.)  As explained above, the events or omissions giving rise to Plaintiff's claims all occurred in Florida, as that is both where Defendant's "unsolicited emails" originated and where the alleged contract was to be performed.  Plaintiff's mere receipt of Defendant's promotional emails in Ohio is nothing more than an incidental fact underlying the claims at issue.  Accordingly, and in the absence of any other arguments that venue is proper in this judicial district, venue is not appropriate in this Court.

The Court's authority to transfer venue lies in 28 U.S.C. §§ 1404(a) and 1406(a).  Section 1404(a) permits a transfer to any district where the case could have been brought originally for "the convenience of parties and witnesses" and in the "interest of justice[.]"  28 U.S.C. § 1404(a).  Section 1406(a) also enables a district court, "in the interest of justice," to transfer venue to "any district or division in which it could have been brought" when venue is improper in the original forum.  28 U.S.C. § 1406(a).  While a transfer under Section 1404(a) may not be granted when a court lacks personal jurisdiction over a defendant, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)), Section 1406(a) does not require such jurisdiction prior to transferring the case.  *See Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 739 (6th Cir. 2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)); *see also Martin*, 623 F.2d at 474 ("The law in [the Sixth Circuit], therefore, is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction.").  Accordingly, having established both a lack of personal jurisdiction

and that venue is improper, Section 1406(a) is the appropriate avenue for transfer in this instance.

It is within the Court's discretion whether to dismiss or transfer an action when venue is improper. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998) ("The decision of whether to dismiss or transfer is within the district court's sound discretion.") (citations omitted). That said, transfer is "generally considered to be more in the interest of justice than dismissal, and therefore, doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district." *Nation v. U.S. Gov't*, 512 F. Supp. 121, 126–27 (S.D. Ohio 1981). In this instance, for the reasons discussed herein, the Court finds that venue would be proper in the Southern District of Florida. Accordingly, the Court concludes that the interest of justice weighs in favor of transferring this action, rather than dismissing it.

## V.

Based on the foregoing, the Motion to Dismiss for Lack of Personal Jurisdiction & Venue, ECF No. 18, is **GRANTED IN PART**. The Clerk is **DIRECTED** to **TRANSFER** this case to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**.

**IT IS SO ORDERED.**

Date: April 14, 2023                          ____/s/ *Elizabeth A. Preston Deavers*
                                             ELIZABETH A. PRESTON DEAVERS
                                             UNITED STATES MAGISTRATE JUDGE